GEORGE BURTON v. THE STATE.

No. 6055. Decided June 22, 1921.

Assault to Murder—Continuance—Materiality of Testimony.

Where. upon trial of assault with intent to murder, the diligence was sufficient, as set out in the application for continuance, and the materiality of the testimony appeared from the record on appeal, the application for continuance should have been granted, and the judgment is reversed and the cause remanded, Following Phipps v. State, 34 Texas Crim. Rep., 560, and other cases.

Appeal from the District Court of Taylor. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of assault to murder; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Kirby, King & Keeble,* for appellant.—Cited Covey v. State, 5 S. W., 283; Wade v. State, 172 id., 215.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for two years.

The appellant and Avant; the injured party, are negroes. A short time before the alleged assault and on the same day, they had a difficulty in which, according to some of the testimony, the appellant exhibited a knife and Avant a hatchet. They separated, both riding in automobiles. Appellant claims that on his way to a picture show after the separation, he was informed that Avant had procured a gun and was warned against proceeding farther; that he determined to go home, and while on the route taken by him he observed Avant riding in his car with a gun at his side; that appellant in the meantime and after receiving the warning, had procured a gun. Appellant fired twice at Avant and claims that at the time he fired the first shot, Avant had his gun in his hand in a position to fire at the appellant. It was conceded that Avant had a gun with him in the car, but that he attempted to use it at the time the appellant first fired was controverted.

Avant testified that when the first shot was fired he was driving his car; that before the encounter, riding in the car with him were two negroes: Leon Green and Dead Easy. Green was riding in the front seat and Dead Easy in the back seat; that a short time before the shooting began, Dead Easy jumped off the car. Avant admitted the possession of the gun and that it was loaded and claimed that he had gotten it for his defense, but disclaimed making any demonstration with it until after the shooting had begun. In this Green corroborated him, and also stated that before the shot was fired, Dead Easy got out of the car while it was running.

In his first application, appellant sought a continuance to procure the testimony of the negro Dead Easy, claiming that by him proof would be made that before the appellant fired or made any demonstration, Avant presented a gun in an offensive attitude; that impressed with the idea that Avant was to renew the difficulty, he jumped over the door and quit the car.

The diligence to procure the attendance appears sufficient and was not contested. The materiality of the absent testimony is set out in the application, and viewed in the light of subsequent developments upon the trial was, we think, of such materiality as rendered it incumbent upon the trial court to grant the application in the first instance, and failing in that, to set aside the verdict.

The proof is uncontroverted that the parties—appellant and Avant—had had a previous difficulty, made mutual hostile demonstrations; that thereafter each of them had armed himself; that when they met

shots were fired by the appellant and a demonstration made by Avant. The relative time at which Avant made the demonstration, that is, whether before the appellant fired or not, was the vital controverted point. Avant and one of the parties who was with him at the time, described this phase of the encounter in a manner conflicting with that of the appellant. All agree that the absent witness was riding in the car with Avant a few moments before the firing began. It cannot therefore be said that it is so improbable that he saw what took place as to justify ignoring the application upon that ground, and recalling the facts to which we have briefly adverted showing the ill-feeling between the parties, the previous difficulty, Avant's conduct in arming himself, testimony of his threats, and the description by the appellant of his conduct, we think a conclusion that he would not testify in corroboration of the appellant's theory not warranted. Phipps v. State, 34 Texas Crim. Rep., 560; Roquemore v. State, 54 Texas Crim. Rep., 595; Koller v. State, 36 Texas Crim. Rep., 499; Beard v. State, 55 Texas Crim. Rep., 154; Branch's Crim. Law, Sec. 259.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*